1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   BRANDON LA'SHAUN TAYLOR,              No.  2:19-CV-2242-KJM-DMC-P
12                 Plaintiff,
13         v.                              ORDER
14   AMADOR COUNTY PUBLIC
     DEFENDER'S OFFICE, et al.,
15
                   Defendants.
16
17
18         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to
19   42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint (ECF No. 1).
20         The Court is required to screen complaints brought by prisoners seeking relief
21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or
23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,
25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This
27   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d
28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

                                    1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, plaintiff names the following as defendants: (1) the Amador County Public Defender's Office; and (2) the Amador County Conflict Defender's Office.  See ECF No. 1.  According to plaintiff:

> On July 8th I was a defendant in the Amador County Superior Court and denied public counsel.  Specifically, at arraignment a representative from the Amador County Public Defender's Office approached me and told me I would not be presented with a public defender because the Public Defender's Office were [sic] notified by an unknown source that I can afford my own attorney.  She then said that it was obviously a conflict and she'll tell the judge.  The judge then granted me a conflict defender but [] two days later the conflict defender told me they were getting off the case because a source also told them I can afford my own attorney.  I am a state prisoner with no means to pay for an attorney. . . .  This is a direct violating of my civil rights.

Id. at 3-4.

Plaintiff seeks money damages for "psychological trauma" and an order directing Amador County to appoint him counsel.  See id.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by

2

1   habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-

2   84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

3   malicious prosecution action which includes as an element a finding that the criminal proceeding

4   was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

5   (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

6   attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding

7   that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and

8   not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005)

9   (concluding that § 1983 action seeking changes in procedures for determining when an inmate is

10   eligible for parole consideration not barred because changed procedures would hasten future

11   parole consideration and not affect any earlier parole determination under the prior procedures).

12       In this case, plaintiff's complaint sounds in habeas in that he is raising a Sixth

13   Amendment right-to-counsel claim that, if successful, would necessarily imply the invalidity of

14   any conviction arising out of criminal proceedings in the Amador County Superior Court.  If

15   plaintiff has been convicted, and if that conviction has not been set aside or otherwise invalidated,

16   then the current civil rights action would be barred under Heck.  Plaintiff, however, does not

17   allege facts to allow the court to determine whether plaintiff has been convicted and, if so,

18   whether that conviction has been overturned or set aside.  For this reason, plaintiff will be

19   provided an opportunity to amend the complaint to allege additional facts in this regard.

20       Because it is possible that the deficiencies identified in this order may be cured by

21   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

22   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

23   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

24   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

25   amend, all claims alleged in the original complaint which are not alleged in the amended

26   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

27   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

28   plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

1  complete in itself without reference to any prior pleading.  See id.

2          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

4  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

5  each named defendant is involved, and must set forth some affirmative link or connection

6  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

7  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8          Finally, plaintiff is warned that failure to file an amended complaint within the

9  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

10  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

11  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

12  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

13          Accordingly, IT IS HEREBY ORDERED that:

14          1.      Plaintiff's complaint is dismissed with leave to amend; and

15          2.      Plaintiff shall file a first amended complaint within 30 days of the date of

16  service of this order.

17

18

19  Dated:  June 4, 2020

20  _____

21  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28