**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON LA'SHAUN TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>AMADOR COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>Defendants. | No. 2:19-CV-2242-KJM-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for injunctive relief (ECF No. 6).

In the underlying complaint, plaintiff names the following as defendants: (1) the Amador County Public Defender's Office; and (2) the Amador County Conflict Defender's Office. See ECF No. 1. According to plaintiff:

> On July 8th I was a defendant in the Amador County Superior Court and denied public counsel. Specifically, at arraignment a representative from the Amador County Public Defender's Office approached me and told me I would not be presented with a public defender because the Public Defender's Office were [sic] notified by an unknown source that I can afford my own attorney. She then said that it was obviously a conflict and she'll tell the judge. The judge then granted me a conflict defender but [] two days later the conflict defender told me they were getting off the case because a source also told them I can afford

1

>my own attorney. I am a state prisoner with no means to pay for an attorney. . . . This is a direct violating of my civil rights.
>
>Id. at 3-4.

Plaintiff seeks money damages for "psychological trauma" and an order directing Amador County to appoint him counsel. See id. By separate order issued herewith, the Court has directed plaintiff to file a first amended complaint to allege additional facts to allow the Court to determine whether the case is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In the instant motion for injunctive relief, plaintiff seeks an order directing prison officials at Mule Creek State Prison to provide him phone privileges. See ECF No. 6. While plaintiff suggests that phone privileges are needed in order to pursue pending civil litigation, see id. at 1, plaintiff does not explain why or how his civil litigation will be prejudiced absent phone privileges.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

1 | Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

2 | In this case, the Court finds that injunctive relief is not warranted. First, as discussed in the accompanying order directing plaintiff to file a first amended complaint, it does not appear that plaintiff has a likelihood of succeeding on the merits. Second, plaintiff has not demonstrated that he is likely to suffer irreparable harm absent an order directing prison officials to provide him phone privileges. Finally, the Court cannot issue injunctive relief against individuals, such as prison officials at Mule Creek State Prison, who are not parties to this action.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 4, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE